UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 11-CV-81380-MIDDLEBROOKS/BRANNON

ASPEN SPECIALITY INSURANCE
COMPANY,
    Plaintiff,
v.

RIVER OAKS OF PALM BEACH
HOMEOWNER'S ASSOCIATION, INC.,
    Defendant.
_____/

## ORDER RECONSIDERING OMNIBUS ORDER IN PART

THIS CAUSE comes before the Court upon a *sua sponte* review of the case file. In their cross-Motions for Summary Judgment, both Parties moved the Court to enter judgment in their respective favor on counts one and two of Plaintiff Aspen Specialty Insurance Company's ("Aspen") Complaint. When considering Aspen's first count, in which Aspen seeks a declaration that it had the right to rescind the commercial property insurance policy ("Policy") it issued to Defendant River Oaks of Palm Beach Homeowner's Association, Inc. ("River Oaks"), the insured, due to the misrepresentations River Oaks purportedly made during the application process, I found that River Oaks was entitled to judgment as a matter of law because Aspen based this claim in part on section 627.409 of the Florida statutes. I arrived at this conclusion after considering the allegations set forth by Aspen in its first count, both Parties' cross-Motions for Summary Judgment, both Parties' Responses, River Oaks's Reply, and the Florida Statutes.

Indeed, in its Response to River Oaks's Motion for Summary Judgment, Aspen conceded that the Policy's Concealment, Misrepresentation or Fraud provision ("Fraud Provision") "modif[ied] the 'unintentional misstatement' standard contained in" section 627.409(1) of the Florida Statutes and "agree[d] that the terms of the . . . Policy's . . . Fraud [P]rovision establish the standard for rescission in this case." (DE 90 at 2). After considering the Fraud Provision, I concluded that the Parties contracted out of their rights to unilaterally rescind the Policy.

When deciding whether state law, federal law, or the parties' contractual provision governs the determination of a claim seeking to void a policy on the basis of an insured's alleged material misrepresentations made during the insurance application process, the Eleventh Circuit ruled that the "parties are free to 'contract-out' or 'contract around' state or federal law with regard to an insurance contract, so long as there is nothing void as to public policy or statutory law about such a contract." *King v. Allstate Ins.*

*Co.*, 906 F.2d 1537, 1540 (11th Cir. 1990) (citing *Scarborough v. Travelers Ins. Co.*, 718 F.2d 702, 709 (5th Cir. 1983)). The Fraud Provision provides in pertinent part that: "[t]his Coverage Part is void in any case of fraud by you as it relates to this Coverage Part at any time. It is also *void* if you or any other insured, *at any time*, intentionally conceal or misrepresent a material fact concerning: 1. This Coverage Part; [or] 2. The Covered Property. . ." (DE 35- Attachment 9 at 7 (emphasis added)).

Based upon the Fraud Provision, if River Oaks concealed or misrepresented a material fact at any time, regardless of whether it was during the claim investigation process or the application process, the coverage part of the Policy, rather than the entire Policy, is rendered void. Accordingly, I entered judgment in River Oaks's favor on count one because the Aspen contracted away its right to unilaterally rescind the Policy under state or federal law. Indeed, only through enforcement of the Fraud Provision could Aspen void the coverage part of the Policy, and, even then, this claim would only void the coverage part of the Policy, as opposed to the entire Policy.

Nevertheless, in count two, Aspen seeks to enforce the Fraud Provision, and, after reconsidering that the allegations underlying Aspen's claim for rescission based upon River Oaks's intentional misrepresentations could be alleged under count two, it is hereby

**ORDERED AND ADJUDGED** that this Court's Omnibus Order is **MODIFIED IN PART**. I will permit Aspen to argue that River Oaks violated the Fraud Provision during the application process because a genuine issue of material fact exists as to whether River Oaks's statements on the application violated the Fraud Provision.

**DONE AND ORDERED** at Chambers in West Palm Beach, Florida, this _7_ day of August, 2012.

DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE

Copies to:     Counsel of Record